## E. P. Mueller v. Siegfried Pels.

94   353
a192s   76

1. CONTRACTS—*Election of Performance.*—A vendor of merchandise who has the option of delivering it at one of two different places by a designated time, must exercise his option within the time permitted, or such right becomes forfeited.

2. SAME—*Options of Different Ways of Fulfilling an Obligation.*— A party who has the option of two or more ways in which to fulfill an obligation, must make his election before the time for performing the obligation passes, or the right to elect will be lost.

Assumpsit, for a breach of contract. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 29, 1901.

NORMAN A. LOUGH, attorney for appellant.

GEORGE R. MITCHELL, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

Appellee brought suit against appellant to recover for a

shortage in the delivery of dried brewer's grains, under two contracts between the parties, for the sale and delivery of a quantity of such grains.

The damages claimed was the difference between the contract price and the market price of such grains at their place of delivery, and a balance for an agreed allowance for inferior and damaged grains. The grains were to be delivered, at the option of appellant, in either Hamburg, Antwerp or Rotterdam, Europe.

There does not seem to be any dispute as to the quantity of undelivered grain.

A variance, however, is urged by appellant between the amended declaration and the proofs as to the market price at the date of breach, it being contended that by the declaration appellant had all of December, 1897, in which to make his deliveries, whereas the market price proved is of December 23, 1897, the date of breach.

We think such claim is a misapprehension of the evidence as to the market price being proved as of December 23, 1897.

The witnesses testifying as experts on that subject, did say the market price in Hamburg was 83 marks on December 23, 1897, but also said it was the same at the end of December, and the jury were plainly justified in so finding.

It is next insisted that all the evidence on the subject of market price, related to such price in Hamburg alone, and not at either Antwerp or Rotterdam. By the contract, the port of delivery of most of the grains was optional with appellant, at either Hamburg, Antwerp or Rotterdam. He might have exercised his option in that regard, if he had chosen to do so. But the law is that one having an election or option of such a character, must exercise it within the time permitted, or such right becomes forfeited.

Under the head of election of rights or remedies, it is said, in Bouvier's Law Dictionary:

" On the failure of the person who has the right to make his election in proper time, the right passes to the opposite party."

And in 6 Am. & Eng. Ency. of Law (1st Ed.), p. 251, it is said :

" One who has the option of two or more ways in which to fulfill an obligation, must make his election before the time for performing the obligation passes, or the right to elect will be lost."

Again, it is said in Wharton on Contracts, Sec. 622:

" The election is limited by its own terms. When the party having the option is bound to exercise it within a given period, if he lets that period elapse without exercising the option, the right is forfeited. The same distinction is applicable to place. If the right to perform an alternative at a particular place is not complied with, *e. g.*, where property is to be delivered at a particular place or money paid, then the election right is forfeited." See also, Bishop on Contracts, Sec. 785.

Under those authorities, appellant, by failure to exercise his option, could not complain if the market price at Hamburg was the only one proven. The weight of the evidence, however, with its fair inferences, is that the market price at Hamburg was as low, if not lower, than at either of the other places.

There is no ground for complaint by appellant, under the evidence, that the judgment is for too much, and in saying this we include the balance claimed to be due to appellee on account of the 1,420 marks allowance agreed on with reference to inferior grains.

The action of the court on the instructions was right. What we have already said covers most of the errors claimed with respect of them. The refusal by the court to give two instructions, asked by appellant, because presented by counsel during the closing argument to the jury by appellee's counsel, can not be complained of. The refusal to give any instructions is not assigned for error. But the instructions so refused were improper in themselves.

We believe we have sufficiently considered all the assigned errors that have been argued, and the judgment should be affirmed, and it is so ordered.